# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| CHRISTOPHER L. CHADWICK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:21-CV-285-CEA-HBG ) ) |
| ROGER D. WILSON DETENTION FACILITY STAFF, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Plaintiff, an inmate in the custody of the Tennessee Department of Correction, has filed a pro se civil rights action against Defendants for alleged violations of 42 U.S.C. 1983 [Doc. 2], along with a motion for leave to proceed *in forma pauperis* in this cause [Doc. 1]. The Court will address Plaintiff's motion prior to screening his complaint in accordance with the Prison Litigation Reform Act ("PLRA"). 28 U.S.C. § 1915A.

## I. MOTION TO PROCEED *IN FORMA PAUPERIS*

It appears from the motion for leave to proceed *in forma pauperis* and supporting documents that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [Doc. 1] is **GRANTED**.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars

($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this order to the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. SCREENING OF COMPLAINT

### A. Plaintiff's Allegations

Plaintiff maintains that while he was housed at the Roger D. Wilson Detention Facility ("RWDF"), he suffered unreasonable risks to his health and safety due to Defendants' failure to follow appropriate measures to quell the spread of Covid-19 [*See, generally*, Doc. 2]. Plaintiff contends that he was forced to wear the same cloth mask for several days at a time, that individuals are only kept in quarantine for nine or ten days, that officers fail to wear their masks properly and follow social distancing guidelines, and that officers do not require pod workers to keep the tables and phones disinfected [*Id*. at 4, 8-10].

Plaintiff also alleges that the kitchen is moldy and dirty, and that the food is handled by "careless people" who reuse gloves and sometimes fail to cook the meat thoroughly [*Id*. at 6]. He contends that the officers do not care about the inmates and asks the Court to intervene before these conditions result in inmate deaths [*Id*. at 7]. By way of relief, Plaintiff asks to maintain the instant suit "for failure to protect [his] safety and health from th[e] pandemic" [*Id*. at 5].

### B. Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant

2

who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere").

**C. Analysis**

The Eighth Amendment requires prison officials to "ensure that inmates receive adequate food, clothing shelter, and medical care," and "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). This right is

3

one to "humane conditions of confinement." *Id*. A claim asserting the denial of this right is composed of two parts: (1) an objective component, which requires a plaintiff to show a "sufficiently serious" risk to health or safety; and (2) a subjective component, which requires the plaintiff to show the defendants acted with "deliberate indifference" to that risk. *Id. at* 834. Negligence is insufficient to establish liability; deliberate indifference requires a mental state amounting to criminal recklessness. *Santiago v. Ringle*, 734 F.3d 585, 591 (6th Cir. 2013) (citing *Farmer*, 511 U.S. at 834, 839-40). Therefore, to establish an official's liability, a prisoner must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

It is well settled that "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). As such, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). Rather, only "extreme deprivations" that deny a prisoner "'the minimal civilized measure of life's necessities" violate a prisoner's rights under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992) (citations and quotations omitted). Accordingly, in examining such claims, a court must determine whether the risk of which the plaintiff complains is "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling v. McKinney*, 509 U.S. 25, 36 (1993); *see also Rhodes*, 452 U.S. at 347.

First, Plaintiff's conclusory allegations that the kitchen and its workers are unsanitary are insufficient to infer that the conditions are so dire that they pose a risk that society is unwilling to

4

tolerate. Moreover, Plaintiff has not asserted any injury because of those conditions. Accordingly, Plaintiff's claims relating to general kitchen sanitation fails to state a § 1983 claim.

Conversely, the Covid-19 virus unquestionably "creates a substantial risk of serious harm." *Wilson v. Williams*, 961 F.3d 829, 840 (6th Cir. 2020) (noting virus can cause pneumonia, respiratory failure, and death). Plaintiff's claim turns, then, on whether he has plausibly alleged that Defendants have responded with deliberate indifference to that risk. In considering the question, the Court notes that Covid-19 is a highly communicable disease, and Defendants do not face constitutional liability merely because they were unable to prevent the disease from entering the facility and/or spreading. Rather, the question is whether Defendants "responded reasonably to the risk." *Farmer*, 511 U.S. at 844.

The Court finds that Plaintiff has failed to provide sufficient facts from which the Court could infer that Defendants have responded unreasonably to the risk of Covid-19. Plaintiff complains of general failures, such as officers not "staying on top of" social distancing or failing to require pod workers to properly disinfect, but he also notes that he has been provided a cloth mask, and that exposed inmates are quarantined [*See, generally*, Doc. 2]. To the extent that Plaintiff complains of specific incidents where officers have failed to follow proper precautions, he does not identify the officer responsible for the failure [*Id.*]. Therefore, the Court finds Plaintiff's factual allegations are too vague and conclusory to allow the Court to infer that any named Defendant bears § 1983 liability in this cause.

Further, the Court notes that Plaintiff has not alleged that he suffered any injury because of Defendants' conduct. He does not allege that he contracted the Covid-19 virus, or that he was exposed to a known case. While Plaintiff does not seek monetary relief in his complaint, the Court nevertheless notes that the absence of any physical injury to him prohibits him from recovering damages for mental or emotional injury. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may

5

be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury[.]"). Additionally, Plaintiff cannot sustain this action for declaratory or injunctive relief, as he was transferred from the RWDF into the Hardeman County Correctional Facility before the instant suit was filed [*Compare* Doc. 1 *with* Doc. 2]. Therefore, any express or implied request for injunctive relief is moot. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (holding inmate's claim for declaratory and injunctive relief against prison officials became moot once prisoner was transferred to different facility).

Finally, to the extent that Plaintiff has filed the instant suit to "help the less fortunate people" who were injured by Defendants' conduct, he cannot assert the constitutional rights of other prisoners. *Newsom v. Norris,* 88 F.2d 371, 381 (6th Cir.1989) (holding that a "a prisoner who initiates a civil action challenging certain conditions at a prison facility in his individual capacity is limited to asserting alleged violations of his own constitutional rights and ... lacks standing to assert the constitutional rights of other prisoners").

In sum, Plaintiff has failed to assert a § 1983 claim upon which relief may be granted. This action will be dismissed.

### III.  CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set for above;

4. The Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

6

5. Even with liberal construction, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983, and this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A; and

6. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED**.

**ENTER:**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**